# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

K.C., an individual,

        Plaintiff,

v.

WYNDHAM HOTELS AND
RESORTS, INC., et al.

        Defendants.

:     **CASE NO. 2:22-cv-2683**

:     **Judge Algenon L. Marbley**
       **Related Cases:   No. 19-cv-848**
:                    **No. 21-cv-5022**
                          **No. 21-cv-4933**
:                    **No. 21-cv-4934**
                          **No. 21-cv-4935**
:                    **No. 22-cv-1924**

:     **MOTION OF CINCINNATI**
:     **INSURANCE COMPANY TO**
      **INTERVENE**

---

Pursuant to Federal Rule of Civil Procedure 24, Cincinnati Insurance Company ("CIC")

moves this Court for an Order allowing it to intervene in this action. The purpose of intervention

is to file a Complaint for Declaratory Judgment regarding insurance coverage issues arising under

a contract of insurance between CIC and Ash Management Corporation, d/b/a Days Inn by

Wyndham ("Ash Management") and Wyndham Hotels and Resorts, Inc. CIC seeks to participate

in all aspects of this lawsuit. A Memorandum in Support of this motion follows along with the

proposed intervening complaint, attached as <u>Exhibit 1</u>.



G   R   E   E   N
G   R   E   E   N
L   A   W   Y   E   R   S
A LEGAL PROFESSIONAL ASSOCIATION

Respectfully submitted,

/s/ JANE M. LYNCH
JANE M. LYNCH (0012180)
ERIN B. MOORE (0061638)
GREEN & GREEN, LAWYERS
800 Performance Place
109 North Main Street
Dayton, Ohio 45402-1290
Tel. 937.224.3333; Fax: 937.224.4311
jmlynch@green-law.com
ebmoore@green-law.com
Attorneys for Intervenor, Cincinnati
Insurance Company

**MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

Plaintiff K.C. filed this lawsuit alleging she was the victim of sex trafficking beginning when she was 34 years old and was held captive and sold for sex until 2020. Doc. 1, Page ID#: 10. The Plaintiff's Complaint was filed on July 2, 2022. Plaintiff alleges in part the following:

- That Wyndham owns, supervises, manages, controls, and /operates the Days Inn located at 1212 E Dublin Granville Rd, Columbus, Ohio. Doc. 1, Page ID#: 5 (¶15)

- That Wyndham is the principal in an agency relationship with Days Inn and is "both directly and vicariously liable for the acts and/or omissions of the staff at its branded hotels" including this Days Inn. *Id.*

- That Wyndham "knowingly benefited or received something of value" from the alleged sex trafficking. Doc.1, Page ID#: 6 (¶15 d)

Cincinnati Insurance Company (hereinafter "CIC") issued Policy No. ENP 028 58 19 to Ash Management d/b/a Days Inn which lists the property located at 1212 E Dublin Granville Road,



2

Columbus, Ohio. The policy contains an endorsement entitled ADDITIONAL INSURED-GRANTOR OF FRANCHISE, which names DAYS INN WORLDWIDE, INC., WYNDHAM WORLDWIDE CORP., AND WYNDHAM HOTEL GROUP, LLC as additional insureds.

Plaintiff did not file suit against the Named Insured Ash Management, but rather named Wyndham Hotel & Resorts, Inc. as a defendant. Wyndham has made a demand for defense and indemnity from CIC for K.C.'s claims, under the above referenced insurance contract between CIC and Ash Management. CIC has tendered a defense to Wyndham in this lawsuit, subject to a Reservation of Rights.

CIC seeks to intervene in this lawsuit for the purpose of seeking a declaratory judgment regarding its obligations, if any, to defend and/or indemnify Wyndham or Ash Management in relation to K.C.'s claims against them. CIC also seeks the right to participate in all aspects of the lawsuit including but not limited to discovery and, if necessary, trial.

## II. PROCEDURAL HISTORY

CIC is aware that this Court has denied multiple motions to intervene filed by American Family, Nationwide Property & Casualty, Nationwide Mutual Fire Company, Erie Insurance Exchange, and CIC in the related case, *M.A. v. Wyndham Hotels & Resorts, Inc.,* S.D. Ohio No. 2:19-cv-00849, Opinion & Order, Doc. #171 (Dec. 9, 2019), and Doc #194 (April 13, 2020). CIC acknowledges that those motions to intervene, and the issues they presented, are similar to CIC's motion herein. But, under Ohio law, a failure of the insurance company to move to intervene may bind it under collateral estoppel. See, *Howell v. Richardson,* 45 Ohio St.3d 365, 544 N.E.2d 878 (1989); *Gehm v. Timberline Post & Frame,* 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519



G R E E N
G R E E N
L A W Y E R S
A LEGAL PROFESSIONAL ASSOCIATION

(2007) (holding that if the insurer is denied intervention, collateral estoppel will not prohibit future litigation of similar issues). Thus, CIC requests intervention be granted.

## III.   LAW AND ANALYSIS

### A.   <u>CIC is entitled to intervene as of right</u>

Federal Rule of Civil Procedure 24(a) governs when a person may "intervene as of right." To intervene as of right, the movant must establish: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *U.S. v. Tennessee,* 260 F.3d 587, 591-92 (6th Cir. 2001).

Here, CIC is entitled to intervention as a matter of right. First, CIC timely seeks to intervene. This lawsuit is in its initial stages as this Complaint was just filed on July 2, 2022. CIC has a valid legal purpose for intervention, and no prejudice will befall the parties because of CIC's intervention. Second, CIC has a "substantial legal interest" in this lawsuit, namely its interest concerning what obligations, if any, it owes to Wyndham as an additional insured. Third, CIC's ability to protect its interest against plaintiff will be impaired absent intervention. Fourth, the parties in the lawsuit do not adequately represent CIC's interests.

### B.   <u>CIC is also entitled to permissive intervention under Fed. R. Civ. P. 24(b)</u>

Federal Rule of Civil Procedure 24(b)(1) generally governs "permissive intervention." The court may permit intervention if the proposed intervenor establishes that the motion for intervention (1) is timely and (2) "has a claim or defense that shares with the main action a common question of law or fact." See, *U.S. v. Michigan,* 424 F.3d 438, 445 (6th Cir. 2005). If the proposed intervenor establishes these two requirements, the court must "balance undue delay and prejudice



G   R   E   E   N
G   R   E   E   N
L   A   W   Y   E   R   S
A LEGAL PROFESSIONAL ASSOCIATION

to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

Here CIC's motion (1) is timely and (2) alleges at least one common question of law or fact. CIC's motion is timely, since the Complaint was just filed. Moreover, CIC has a protectable legal interest that is subject to court evaluation and determination.

## IV. CONCLUSION

For the reasons set forth herein, CIC requests this Court grant its Motion to Intervene.

Respectfully submitted,

/s/ JANE M. LYNCH
JANE M. LYNCH (0012180)
ERIN B. MOORE (0061638)
GREEN & GREEN, LAWYERS
800 Performance Place
109 North Main Street
Dayton, Ohio 45402-1290
Tel. 937.224.3333; Fax: 937.224.4311
jmlynch@green-law.com
ebmoore@green-law.com
Attorneys for Intervenor, Cincinnati
Insurance Company

## CERTIFICATE OF SERVICE

We hereby certify that a true and accurate copy of the foregoing was served this 24th day of August, 2022, by the Court's electronic filing system, upon all counsel of record.

/s/ JANE M. LYNCH
Jane M. Lynch
Erin B. Moore



GREEN
GREEN
LAWYERS
A LEGAL PROFESSIONAL ASSOCIATION