## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **K.C.,** *an individual,* | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 22-cv-2683** |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **CHOICE HOTELS INTERNATIONAL,** | : | |
| **INC.,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## <u>OPINION & ORDER</u>

This matter is before this Court on the Motion to Intervene by Proposed Intervenor Cincinnati Insurance Company ("CIC"). (ECF No. 6). For the following reasons, Proposed Intervenor's Motion is **DENIED**.

## I. BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiff, K.C., alleges she was sex trafficked in hotels owned by Defendants Choice Hotels International ("Choice") and Wyndham Hotels & Resorts ("Wyndham"). (ECF Nos. 1, ¶¶ 7–8; 11, ¶¶ 4–7).[1] Plaintiff seeks to hold Defendants liable for harboring, sheltering, facilitating, and otherwise participating in a sex trafficking venture on its hotel properties and financially benefitting from the sex trafficking she suffered. (ECF Nos. 1, ¶¶ 97–100; 11, ¶¶ 13, 22, 27). Plaintiff commenced this action in July 2022. (ECF No. 1).

In August 2022, pursuant to Federal Rule of Civil Procedure 24, CIC moved to intervene for the purpose of seeking a declaratory judgment against Wyndham regarding its obligations

---

[1] Subsequent to CIC's Motion to Intervene, Plaintiff filed an Amended Complaint on September 27, 2022 (ECF No. 11). On November 28, 2022, Defendants filed a Motion to Dismiss for failure to state a claim. (ECF Nos. 16, 17).

related to insurance coverage, if any, to defend and/or indemnify Wyndham or Ash Management Corporation, d/b/a Days Inn by Wyndham, in relation to Plaintiff's claims against them.[2] (ECF No. 6 at 3). CIC also seeks to participate in all aspects of the lawsuit. (*Id.*). Wyndham made a demand for defense and indemnity from CIC for Plaintiff's claims. (*Id.* at 3). Wyndham seeks coverage under the insurance policy provided by CIC for the claims asserted against Wyndham by Plaintiff in this litigation. (*Id.* at 3).

CIC argues it has a right to intervene, pursuant to Rule 24(a), in order to protect adequately its interests in this case. (*Id.* at 4). Alternatively, CIC argues this Court should exercise its discretion to grant permissive intervention, pursuant to Rule 24(b)(1). (*Id.* at 4–5). Plaintiff timely responded to CIC's Motion on September 13, 2022. (ECF No. 9). Shortly thereafter, CIC filed its Reply on September 16, 2022; therefore, this Motion is ripe for review. (ECF No. 10).

## II.  STANDARD OF REVIEW

Intervention as of right under Rule 24(a)(2) requires a timely motion by a movant who:

> "[C]laims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires movants to establish all elements of the following test: (1) that the motion was filed timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that an interest will be impaired without intervention; and (4) the current parties inadequately protect the proposed intervenor's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). While the Sixth Circuit interprets the interest sufficient to

---

[2] CIC issued an insurance policy to Ash Management d/b/a Days Inn, whereby the policy contains an endorsement entitled "ADDITIONAL INSURED-GRANTOR OF FRANCHISE," which further names Defendant Wyndham as additional insureds. (ECF No. 6 at 2–3).

invoke intervention of right expansively, it "does not mean that any articulated interest will do." *Granholm*, 501 F.3d at 780. The analysis addressing the existence of a substantial legal interest "is necessarily fact-specific." *Id.*

Permissive intervention under Rule 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court considers whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *U.S. v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

### III.    LAW & ANALYSIS

### A.  Intervention as of Right

In order to succeed on its motion, CIC must meet all four parts of the test for intervention as of right laid out in *Granholm*. A "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F. 2d 343, 345 (6th Cir. 1989) (citing *Triax Co. v. TRW Inc.*, 724 F. 2d 1224, 1227 (6th Cir. 1984)). CIC states in a conclusory fashion that it meets the four prongs of the Granholm test but does not provide any explanation for why it believes this Court should grant this Motion. (ECF No. 6 at 4). CIC also asserts that under Ohio law, failure to intervene may bind it under collateral estoppel. (*Id.* at 3*) (Howell v. Richardson*, 544 N.E.2d 979, 881 (Ohio 1989). For thoroughness, however, this Court will address the arguments raised by Plaintiff in response to this Motion.

*1. Substantial legal interest*

This Court begins its analysis with a discussion of Movant's asserted interests in this case—prong two of the Sixth Circuit's required test.[3] In response to CIC's assertion that it has a "substantial legal interest" in this lawsuit (ECF No. 6 at 4), Plaintiff argues that CIC's interest here is contingent rather than direct. (ECF No. 9 at 5). Plaintiff adds that CIC's only interest in this Motion is to preserve its right to intervene under Ohio law, which requires insurance companies to move to intervene or else they may be bound by collateral estoppel. (ECF No. 9 at 5); *see Howell*, 544 N. E. 2d at 881.

CIC's interest here is not substantial, as courts have routinely denied intervention to insurers contesting coverage, finding their interest in the underlying action merely contingent and not related to the cause of action. *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-00849, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (finding the intervention interest of an insurer of defendant hotel franchisors merely contingent rather than substantial, where Plaintiff's claim focused on sex trafficking violations under the TVPRA); *J4 Promotions, Inc. v. Splash Dog, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (insurer's claim to intervene in a copyright infringement/unfair competition action was wholly unrelated to the underlying intellectual property dispute, and therefore, intervention was inappropriate); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (denying an insurer's right to intervene reasoning that "[t]his lawsuit involves the apportionment of tort liability, not the respective rights and obligations of an insured and his insurers under their insurance policy"). Here, this Court finds

---

[3] This Court begins the analysis with the second prong. CIC's motion to intervene was filed less than two months after the Complaint and prior to the filing of the Amended Complaint. Generally, courts have found timely motions filed at similar stages of the case. *Indiana Ins. Co. v. Midwest Maint.*, No. C-3-99-351, 2000 WL 987829, at *2 (S.D. Ohio Jan. 7, 2000) (finding motion to intervene timely when filed slightly over three months after the complaint before significant discovery had taken place). Because the parties' discussion of timeliness is minimal, and because this Court finds CIC's Motion fails for other reasons, it is not necessary to undergo analysis of the timeliness of this case. *See Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000).

CIC's interest is merely contingent because its stake in this litigation is dependent on a determination of Defendant Wyndham's liability and an adjudication of CIC's obligations under the insurance contract, which are separate and apart from Plaintiff's TVPRA claim. *See Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (explaining that the insurer's interest was not direct nor substantial because it was contingent on the outcome of the litigation). It is therefore not sufficiently direct and immediate to justify intervention as a matter of right. Ultimately, this Court acquiesces to its own precedent, which makes clear that intervention is inappropriate where an insurer contests coverage and has no more than a contingent interest in the underlying action. *J4 Promotions*, 2010 WL 1839036, at *3.

### 2. Interest will be impaired without intervention

In response to CIC's assertion that its interests will be impaired without intervention (ECF No. 6 at 4), Plaintiff asserts that CIC's insurance dispute is not properly considered part of K.C.'s TVPRA claim, and such a dispute could "interfere with and in effect control the defense." (ECF No. 9 at 6). Plaintiff argue that to add CIC would only delay and prejudice the original parties because a new, complex issue of insurance would be introduced into the litigation. (*Id.* at 6). Further Plaintiff argues that CIC has other avenues to pursue this issue. (*Id.* at 6–7).

CIC is not without recourse here. An insurer in CIC's position may still pursue a separate declaratory judgment action. In 2007, the Ohio Supreme Court clarified its prior ruling in *Howell* requiring an insurer to seek intervention to avoid subsequent collateral estoppel on the issue. The court ruled that where an insurer has sought and has been denied intervention, collateral estoppel will not prohibit future litigation with respect to the insurer's coverage. *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007). Therefore, as CIC recognizes in its Reply, it is not

collaterally estopped from pursuing future litigation against Wyndham because it filed this Motion. (ECF No. 10 at 1). Additionally, there is a risk of "delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute" because it would require Plaintiff "to become involved in a coverage dispute in which [she] does not yet have an interest." *M.A.*, 2022 WL 622124, at *4. Therefore, CIC's interests will not be impaired without intervention, and to allow it to intervene will only prejudice the existing parties.

### 3. Sufficiency of representation

CIC has offered no explanation of why it believes the existing parties do not adequately represent its interests, and Plaintiff does not address this prong at all. As CIC's interest is contingent and its asserted interest will not be impaired if intervention is denied, this Court need not decide whether its interests are adequately represented. Even though the other parties are not litigating the issue of insurance coverage, however, it is not clear that CIC's interests would not be adequately represented by the existing parties. Plaintiff and Defendant Wyndham have a strong interest in litigating the issue of Defendant Wyndham's liability under the TVPRA. Accordingly, CIC is not entitled to intervention as of right under Rule 24(a)(2).

### B. Permissive Intervention

Alternatively, CIC seeks permissive intervention under Rule 24(b) which permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." (ECF No. 6 at 4–5). It argues CIC's motion is timely and alleges at least one common question of law or fact. (*Id.* at 5). Plaintiff, meanwhile, argues that CIC's dispute does not share common questions of law or fact with this lawsuit because CIC's dispute relates to coverage and contract interpretation, not sex trafficking. (ECF No. 9 at 7–8). Additionally, Plaintiff asserts that CIC's Motion is an unnecessary

6

interjection that would require substantial time, energy, and delay to dispute and discover. (ECF No. 9 at 8).

A motion for permissive intervention "should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio Jun. 29, 2010). While CIC is interested in the question of liability in this case, it is only insofar as it effects its coverage obligations. This interest is contingent on Plaintiff's success and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action. Accordingly, CIC's interest is not based on a sufficiently similar question of law or fact.

Further, the risk of delay and prejudice weigh against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute, and intervention would force Plaintiff "to become involved in a coverage dispute in which [she] does not yet have an interest." 2010 WL 1839036 at *4; *see also Krancevic v. McPherson*, 2004-Ohio-6915, ¶ 8, 2004 WL 2931012, at *2 (Ohio Ct. App., Dec. 16, 2004) ("an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend and indemnify its insureds and to pay any judgment entered against its insureds . . . would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay").

Accordingly, given the foregoing analysis, this Court declines to exercise its discretion to grant CIC permissive intervention.

## IV.    CONCLUSION

For the foregoing reasons, Proposed Intervenor CIC's Motion to Intervene (ECF No. 6) is

**DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**


**DATED: February 28, 2023**